# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:18-cv-03213__

PATRICK MCGUIRE,

   Plaintiff,

v.

IQ DATA INTERNATIONAL, INC.

   Defendant.

## COMPLAINT

NOW COMES Plaintiff, PATRICK MCGUIRE, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, IQ DATA INTERNATIONAL, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. PATRICK MCGUIRE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. IQ DATA INTERNATIONAL, INC. ("Defendant") is a foreign professional corporation with a principal place of business in Bothell, Washington.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On July 24, 2017, Plaintiff contracted with Lofts at Meadowbrook, LLC to rent an apartment.

9. Specifically, Plaintiff entered into a Lease Agreement (the "Lease") to rent 3808 South West Temple, Unit 411, Salt Lake City, Utah 84115 (the "Property").

10. Plaintiff fell into default under the Lease; before vacating the Property with an approximate $4,766.55 balance.

11. This balance allegedly owed to Lofts at Meadowbrook, LLC is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. In November, 2018, Lofts at Meadowbrook, LLC placed Plaintiff's balance with Defendant for collection.

13. On or around November 13, 2018, Defendant phoned Plaintiff in an attempt to collect on behalf of Lofts at Meadowbrook.

14. Immediately, Plaintiff disputed that he owed $4,766.55 to Lofts at Meadowbrook, LLC with Defendant.

15. Defendant responded that Plaintiff "needs to be an adult" before demanding that Plaintiff pay the $4,766.55 balance.

16. Plainitff informed Defendant of an inability to make payments, requested to postpone payments until April – when he enlists in military.

17. Defendant responded that Plaintiff's balanced needed to be resolved immediately to prevent further action.

18. Plaintiff inquired as to what Defendant intended by "further action" to which Defendant responded "you are not [an] idiot."

19. Moreover, Defendant informed Plaintiff that he "won't be able to join military with collection accounts."

20. In response, Plaintiff offered $250.00 immediately then remaining balance in April. Defendant countered $500.00 immediately to prevent further action.

21. Plaintiff agreed to make $500.00 onetime payment by credit card, remainder to be paid in April.

22. On November 14, 2018, Defendant phoned Plaintiff in an attempt to collect on behalf of Lofts at Meadowbrook. Plaintiff requested that Defendant stop calling.

23. On November 15, 2018, Defendant mailed Plaintiff written correspondence acknowledging receipt of Plaintiff's $500.00 payment.

24. On November 30, 2018, Defendant unsuccessfully phoned Plaintiff on several occasions.

25. Two hours later, Plaintiff returned Defendant's call. Defendant informed Plaintiff that they were attempting to charge card on file; however, were unable to do so.

26. Plaintiff steadfastly maintained that he did not authorize Defendant to charge his account more than once; referencing an inability to make further payment.

27. Defendant responded that Plaintiff should will need to find way to pay – encouraging Plaintiff to borrow from family.

28. Ultimately, Plaintiff repeated his November 14, 2018 request that Defendant stop calling.

29. In spite of being told to stop calling on several occasions, Defendant continues to call Plaintiff in an attempt to collect on behalf of Lofts at Meadowbrook, LLC.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

31. Section 1692d provides "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the followding conduct is a violation of this section:

> (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

32. Defendant's countless unconsented-to collection calls to Plaintiff despite Plaintiff's multiple demand(s) that they stop violates sections 1692d and d(5).

33. Defendant's behavior of placing unconsented-to collection calls to Plaintiff was abusive, harassing, and oppressive.

**Violation(s) of 15 U.S.C. §§ 1692e(5) and e(10)**

34. Section 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (5)  the threat to take any action that cannot legally be taken or that is not intended to be taken.

   (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant's threat to "take further action" unless Plaintiff's debt is paid immediately violated 15 U.S.C. § 1692e(5) as Defendant did not intend to take such action(s).

36. Defendant violated 15 U.S.C. § 1692e(10) by falsely representing that Plaintiff "won't be able to join military with collection accounts."

37. Plaintiff may enforce the provisions of 15 U.S.C. §§1692d, d(5), e(5), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

   (1)  any actual damage sustained by such person as a result of such failure;

   (2)

       (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§1692d, d(5), e(5), and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

December 14, 2018                                   Respectfully submitted,

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Patrick McGuire*